UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

                                    Case No. 06-cr-273-pp

ANDREW R. SPENGLER,

      Defendant.

**ORDER DENYING DEFENDANT'S REQUEST FOR THE COURT TO COMPEL THE BUREAU OF PRISONS TO ISSUE MANDATORY "FIRST STEP ACT" GOOD-TIME CREDITS (DKT. NO. 294)**

On August 26, 2019, the defendant filed a motion, asking the court to compel the Bureau of Prisons to issue him "good-time" credits authorized by the First Step Act of 2018. Dkt. No. 294. The court asked the government to respond, dkt. no. 295; it did so promptly, correctly noting that it is the Attorney General, not the court, who has the authority to determine sentence credit, and that the Attorney General has delegated that authority to the Director of the Bureau of Prisons, dkt. no. 296 (citing 29 C.F.R. §0.96). On September 12, 2019, the court received the defendant's response. Dkt. No. 298. The defendant responded that that he wasn't asking the court to give him sentencing credit; he was asking the court to issue an order requiring the Bureau of Prisons to give him sentencing credit, because he believed the BOP was not doing what the First Step Act required it to do. Id. at 5. He cited 28 U.S.C. §1361 in asserting that this court had the authority to do what he asked. Id. He also

1

argued that he was not required to exhaust his administrative remedies, because to do so would be pointless. Id. at 6-8.

This court then dropped the ball. It did not act promptly on the defendant's request. Consequently, it now appears that the defendant's request is moot. The Bureau of Prisons' inmate locator web site indicates that the defendant is at a residential reentry center. https://www.bop.gov (last visited April 20, 2020).

Even if the defendant was not now in the process of transitioning into the community, however, the court would have denied his motion. Whether the defendant was right or wrong in his opinion that it would have been futile for him to make his request to the Bureau of Prisons, that is what the law required him to do. See, *e.g.*, United States v. Earls, 755 F. App'x 581, 582 (7th Cir. 2019) (quoting Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000) ("[r]equests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241."). The First Step Act did not change that.

As for the defendant's argument that this court has the authority to compel the Bureau of Prisons to calculate and give him sentence credit— whether for good time under the First Step Act or for any other reason—28 U.S.C. §1361 is the Mandamus Act. The appropriate procedure for filing a mandamus action is to file a petition for mandamus, which the defendant did

not so (nor did he pay the $400 filing fee for such a petition). Nor did the defendant show that he was entitled to mandamus relief.

> The Supreme Court has emphasized that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 . . . (1984). If a plaintiff's allegations survive *Ringer's* jurisdictional threshold, three elements must be met in order for the court to issue a writ: "1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987).

Center for Dermatology and Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 590 (7th Cir. 2014).

As the court has noted, the defendant has provided no proof that he exhausted his administrative remedies. He attached documentation which he says shows that the BOP took longer than he believes it should have in addressing previous requests. Dkt. No. 298-1 at 6-36. But he provided no evidence that he had asked the BOP to calculate and give him his good-time credit. He also attached three short orders—two from courts in Texas, one from a court in Oregon—in which courts ordered the Bureau of Prisons to calculate a defendant's good-time credit. Id. at 1-5. The court has no idea whether the defendants in these cases approached the BOP first, whether the BOP acted promptly on their requests or whether there were other circumstances that prompted these orders.

The defendant did not exhaust his administrative remedies under the law. He did not follow the appropriate procedure for requesting mandamus. He

3

did not demonstrate that the BOP was not addressing his request. And it appears that the BOP now has done so.

The court **DENIES** the defendant's request to compel the Bureau of Prisons to issue mandatory First Step Act good-time credits. Dkt. No. 294.

Dated in Milwaukee, Wisconsin this 21st day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**